UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NATIONSTAR MORTGAGE, LLC,     CIVIL ACTION
AS LOAN SERVICER FOR THE
BANK OF NEW YORK MELLON
CORPORATION, AS TRUSTEE FOR
CWABS, INC. ASSET-BACKED
CERTIFICATES, SERIES 2003-1

VERSUS     NO: 17-4975

NELDON LEWIS     SECTION: "S" (5)

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. #8) is **DENIED**.

## BACKGROUND

This matter is before the court on defendant's motion to dismiss. Defendant, Neldon Lewis, argues that plaintiff, Nationstar Mortgage, LLC, cannot state an interpleader claim because Lewis is the sole adverse claimant. Lewis contends that Nationstar cannot count itself as a claimant to the funds for the purposes of the interpleader action.

On October 1, 2002, Lewis, a citizen of Louisiana, executed an original promissory note payable to "America's Wholesale Lender" in the principal amount of $55,400.00 with a per annum interest rate of 6.875%. The principal and interest were payable at the rate of $494.09 per month, beginning on November 1, 2002. The promissory note was secured by a mortgage on Lewis's property on Flanders Street in New Orleans, Louisiana. The mortgage was recorded on October 11, 2002, in the Parish of Orleans State of Louisiana. Nationstar,[1] as the loan servicer for the last holder

---

[1] As a limited liability company, Nationstar's citizenship is determined by the citizenship of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079-80 (5th Cir. 2008). Nationstar is a wholly-owned subsidiary of Nationstar Mortgage Holdings Inc. A corporation is a citizen of its state of

of the promissory note, The Bank of New York Mellon Corporation, as Trustee for CWABS, Inc. asset-Backed Certificates, Series 2003-1, procured a lender-placed insurance policy on the property with Assurant Group.

On January 21, 2015, Bank of New York Mellon filed a Petition for Executory Process with Benefit of Appraisal in the Civil District Court, Parish of Orleans seeking to execute on the promissory note and foreclose on the mortgage. The Petition stated that, due to Lewis's default, the entire unpaid principal balance of $19,893.33, along with interest of at the rate of 6.875% per annum from December 1, 2013, together with late charges in the amount of $148.20, were unpaid and due.

On December 2, 2016, the property was destroyed by fire. Lewis made a claim on the Assurant Group insurance policy. On April 22, 2017, Nationstar received two checks from Assurant Group in the amounts of $2,640.00 and $93,969.00, for damages sustained by the property as a result of the fire. Lewis claims that he retained the services of attorney Bruce Betzer in connection with the property damage claim he made to Assurant Group. Betzer has asserted that he is entitled to approximately $45,000 of the insurance proceeds as his contingency fee. Nationstar claims that it is entitled to $45,577.86 of the insurance proceeds as a payoff of the subject mortgage, plus a per diem amount of $3.80 until judgment is rendered.

On May 16, 2017, Nationstar filed the instant interpleader action naming Lewis as the defendant. Nationstar deposited the insurance proceeds, $96,609.00, into the Registry of the Court,

incorporation and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). Nationstar Mortgage Holdings Inc. is incorporated in Delaware and maintains its principal place of business in Texas. Thus, like Nationstar Mortgage Holdings Inc., Nationstar is a citizen of Delaware and Texas.

and requests that Lewis be restrained from instituting or prosecuting any other proceeding against Nationstar for any claim that is the subject of the interpleader action and that Lewis appear and assert his claims to the money deposited into the Registry of the Court. Nationstar claims that it is entitled to $45,577.86 as payoff of the subject mortgage, plus a per diem amount of $3.80 until judgment is rendered, including any additional amounts which plaintiff has advanced or may advance as permitted by the Note and Mortgage, but not limited to amounts advanced for taxes, assessments, repairs to and maintenance and preservation of the mortgaged property. In response, Lewis filed the instant motion to dismiss arguing that Nationstar has not met the statutory requirements for an interpleader action because he is the only adverse claimant.

## ANALYSIS

**I.      Rule 12(b)(6) Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)). A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S.Ct. at 1965. The court "must accept all well-pleaded facts as true and view them in the light most

favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008). However, the court need not accept legal conclusions couched as factual allegations as true. Iqbal, 129 S.Ct. at 1949-50. In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)).

**II.   Interpleader**

Pursuant to 28 U.S.C. § 1335:

> (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money . . . of the value of $500 or more, . . ., if
>
> (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money . . . ; and if
>
> (2) the plaintiff has deposited such money . . . into the registry of the court, there to abide the judgment of the court, . . .

28 U.S.C. § 1335. There must be a single, identifiable fund to bring a statutory interpleader action. Wausau Ins. Co. v. Gifford, 954 F.2d 1098, 1100 (5th Cir. 1992). In a civil action in the nature of interpleader, where the plaintiff is an interested stakeholder that has a claim to the funds that is adverse to the defendant's claim, the plaintiff's citizenship is considered for the purpose of establishing diversity under § 1335. Lummis v. White, 629 F.2d 397, 403 (5th Cir. 1980), *rev'd on other grounds sub nom.*, Cory v. White, 102 S.Ct. 2325 (1982).

In this case, Nationstar has stated a claim for statutory interpleader under § 1335. Nationstar deposited a single, identifiable fund of money worth more than $500 into the Registry of the Court, namely, the $96,609.00 in insurance proceeds. Further, there are two adverse claimants

4

of diverse citizenship. Nationstar is an adverse claimant because it has a claim to $45,577.86 of the funds deposited. Thus, it is an interested stakeholder whose citizenship is considered for the purpose of establishing diversity under § 1335. Nationstar is a citizen of Delaware and Texas, and Lewis, is a citizen of Louisiana. Therefore, Nationstar has stated a claim for statutory interpleader, and Lewis's motion to dismiss is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. #8) is **DENIED**.

New Orleans, Louisiana, this  24th  day of August, 2017.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**